USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------- X
CONFIDO ADVISORS, LLC,            :
                                  :
          Plaintiff,              :
                                  :     No. 17 Civ. 5632 (JFK)
     -against-                    :     **OPINION & ORDER**
                                  :
USAA REAL ESTATE COMPANY,         :
                                  :
          Defendant.              :
------------------------------- X

APPEARANCES

FOR PLAINTIFF CONFIDO ADVISORS, LLC
    Vivian Drohan
    Terence Michael Schroeder
    DROHAN & LEE LLP

FOR DEFENDANT USAA REAL ESTATE COMPANY
    William Feldman
    Johnathan D. Pressment
    HAYES AND BOONE LLP

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Plaintiff Confido Advisors, LLC's ("Plaintiff" or "Confido") motion for leave to amend their complaint. For the reasons stated below, this motion is denied.

### I. Background

#### A. Factual Background

The Court assumes familiarity with the facts and defined terms in its previous Opinion and Order (the "September 6 Order"). See Confido Advisors, LLC v. USAA Real Estate Co., No. 17 Civ. 5632 (JFK), 2018 WL 4265900 (S.D.N.Y. Sept. 6, 2018).

#### B. Procedural History

1

Plaintiff and then-Plaintiff John Rodriguez brought this action on March 21, 2017 before the Supreme Court of New York, New York County. On July 24, 2017, Defendant removed this action to this Court. The initial complaint alleged causes of action for (1) breach of contract, (2) misrepresentation,[1] (3) tortious interference with prospective economic advantage, (4) misappropriation, and (5) unjust enrichment.

On September 15, 2017, Defendant moved to dismiss the complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). On September 6, 2018, the Court granted Defendant's motion in part, but denied it in part. See Confido, 2018 WL 4265900, at *4-11. The Court dismissed all of then-Plaintiff Rodriguez's claims for lack of standing. Id. The Court also dismissed the breach of contract claims based on Defendant's (1) failure to include Suhyup and SNU on the Tail Period Prospects List, (2) use of Plaintiff's confidential information, and (3) failure to draw capital for improper reasons, but denied dismissal of the breach of contract claim based on Defendant's failure to pay a Success Fee for the Korea Post Office's investment. Id. Finally, the Court dismissed Plaintiff's claims for unjust enrichment, fraudulent

---

[1] Both the Court and Plaintiff agree that this was more accurately a claim for fraudulent concealment and the Court treated it as such in the September 6 Order. Confido, 2018 WL 4265900, at *8.

concealment, misrepresentation, tortious interference with prospective economic advantage, and unjust enrichment. Id.

On October 10, 2018, Confido brought the instant action hoping to reinstate one of its breach of contract claims and its claim for fraudulent concealment.

## II. Discussion

### A. Legal Standard

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) [would prejudice the opposing party], or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). "Thus, the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015).

Accordingly, in evaluating Plaintiffs' motion to amend, the Court will consider whether the proposed Amended Verified Complaint (the "Amended Complaint") cures the deficiencies the Court identified in its September 6 Order. In so doing, "the Court treats all factual allegations in the [Amended Complaint] as true and draws all reasonable inferences" in Plaintiff's favor. Kuriakose v. Fed. Home Loan Mortg. Corp., 897 F. Supp. 2d 168, 175 (S.D.N.Y. 2012). Should the Amended Complaint not contain sufficient factual matter to state a claim that is plausible on its face, the Court will deny leave to amend as futile. Balintulo v. Ford Motor Co., 796 F.3d 160, 164-65 (2d Cir. 2015). Additionally, as when presented with a motion to dismiss, a district court may consider "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

### B. Analysis

Plaintiff brought this action to reinstate its claims for breach of contract based on Defendant's failure to include Suhyup and SNU on the Tail Period Prospects List and fraudulent concealment. The Court will consider each in turn.

### 1. Breach of Contract

To establish a breach of contract under New York law, a plaintiff must show "(1) the existence of an agreement, (2)

adequate performance of the contract by the [claimant], (3) breach of contract by the [defendant], and (4) damages." Stadt v. Fox News Network LLC, 719 F. Supp. 2d 312, 318 (S.D.N.Y. 2010) (citing Eternity Global Master Fund Ltd. V. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004)). The claimant must identify the specific contractual provisions upon which the breach of contract is based. Id.

In the Amended Complaint, Plaintiff attempts to reinstate its claim for breach of contract based on Defendant's failure to include Suhyup and SNU on the Tail Period Prospects List. (Pl.'s Mem. of L. in Supp. at 4, ECF No. 26 (filed Oct. 10, 2018) [hereinafter "Mem."].) The Court originally dismissed this claim because (1) the original complaint failed to identify any contractual provision that Defendant breached by failing to put Suhyup and SNU on the Tail Period Prospects List and (2) Plaintiff could not use the implied covenant of good faith and fair dealing—which Plaintiff alleged Defendant violated—to add wholly new terms to the contract. Confido, 2018 WL 4265900, at *6-7.

Plaintiff now argues that Defendant's failure (1) to include Suhyup and SNY on the Tail Period Prospects List and (2) to inform Confido of their eventual investment were in violation of paragraphs 2.02 and 4.04 of the original Consulting Agreement and paragraph 13 of the Third Amendment to the Consulting

5

Agreement. (Mem. at 4.)  Plaintiff further argues that Defendant's violation of its specific duties of disclosure under these provisions violated the implied covenant of good faith and fair dealing by frustrating "Plaintiff's commercial purpose in entering into the contract and defeat[ing] [its] ability to account for and police [its] rights." (Id. at 5.)

The Court has closely reviewed the Amended Compliant and finds that it remains void of any allegations explaining how Defendant's failure to include these two prospective investors on the Tail Period Prospects List violates paragraph 2.02. Further, paragraph 13 of the Third Amendment to the Consulting Agreement only obligates Confido—not Defendant—to take action and, thus, also fails to explain how it could possibly relate to Defendant's alleged violation. (ECF No. 25-6 ¶ 13.)

Paragraph 4.04 of the original Consulting Agreement provides that Defendant "shall send Confido a statement within ten (10) days after the end of the quarter showing the total capital commitment for each Qualifying Investor, together with the amount of capital drawn down during the immediately preceding quarter." (Am. Verified Compl. ¶ 45, ECF No. 25-8 (filed Oct. 10, 2018) [hereinafter "Am. Compl."].)  Since Suhyup was on the Approved Prospects List, it was a Qualifying Investor as defined in Section 1.01(kk). (Id. ¶¶ 21, 36.)  As Defendant failed to forward Confido the required statements within the

specified time, they allegedly violated paragraph 4.04. (Id. ¶ 45.) Thus, Plaintiff has adequately pled the "breach" element of a breach of contract claim as to Suhyup's investment, but still has not explained how Defendant's failure to list Suhyup on the Tail Period Prospects List breached any contractual provision. Indeed, none of the provisions Plaintiff cited require that inclusion despite Plaintiff's assertions to the contrary. Since the only identified damage to the Plaintiff related to Suhyup's investment is the $225,000 "Success Fee" that Plaintiff would have received if the Suhyup investment had been "included in the Tail Period Prospect List" (Am. Compl. ¶ 41) and Plaintiff has failed to cite anything requiring Defendant to list Suhyup on that list, Plaintiff has failed to link the breach with the damages and, thus, failed to adequately plead a breach of contract as to that investment.

As the Amended Complaint lacks sufficient factual allegations as to SNU's investment to even show the breach element, Plaintiff has also failed to adequately plead a breach of contract claim as to that investment.

Finally, Plaintiff's argument that Defendant's failure to include these investments on the Tail Period Prospects List violated the covenant of good faith and fair dealing fails for the same reasons the Court identified in the September 6 Order. Confido, 2018 WL 4265900, at *7. Plaintiff has not identified a

provision of the agreement which prohibited Defendant from declining to include certain Qualifying Investors on that list. Since Plaintiffs cannot use the implied covenant of good faith and fair dealing to "add wholly new terms to the contract," they have again failed to identify a violation. Id. (quoting Macfarlane & Assocs., Inc. v. Noxell Corp., No. 93 Civ. 5192 (PKL), 1994 WL 369324, at *3 (S.D.N.Y. July 13, 1994)).

### 2. Fraudulent Concealment

"A claim for fraudulent concealment must allege (1) nondisclosure of (2) material facts, in the face of (3) a duty to disclose, (4) scienter, (5) reliance, and (6) damages." In re New York Trap Rock Corp., 42 F.3d 747, 754 (2d Cir. 1994). Here, Plaintiff argues that Defendant had a "duty to disclose" through its so-called "duty to speak."

> New York recognizes a duty by a party to a business transaction to speak in three situations: first, where the party has made a partial or ambiguous statement, on the theory that once a party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth; second, when the parties stand in a fiduciary or confidential relationship with each other; and third, where <u>one party possesses superior knowledge</u>, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge.

Yusin Brake Corp. v. Motorcar Parts of Am., Inc., No. 13 CIV. 9223 DLC, 2014 WL 2560612, at *9 (S.D.N.Y. June 6, 2014)

(citations omitted and emphasis in original). Fraudulent concealment claims must be pleaded with particularity under Federal Rule of Civil Procedure Rule 9(b). Id.

In the September 6 Order, the Court held that Plaintiff had not adequately established a duty to speak since (1) Plaintiff had failed to identify the "incomplete statements" that Defendant made with the specificity Rule 9(b) requires and (2) the Court found Plaintiff's "superior knowledge" theory to be implausible. Confido, 2018 WL 4265900, at *8-9. Plaintiff argues that the Amended Complaint now adequately alleges a duty to speak under either a "partial or ambiguous statements" or a "superior knowledge" theory. (Mem. at 7.) The Court considers each theory in turn.

### a. Partial or Ambiguous Statements

To comply with Rule 9(b), a complaint must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 197-98 (2d Cir. 2013).

Here, Plaintiff argues that Defendant made "incomplete statements" in which they "falsely stated that [prospective investors Suhyup and SNU] had expressed no interest to invest, concealing the fact and content of communications which they

9

knew were occurring and which evidenced the contrary." (Mem. at 7 (citing Am. Compl. ¶¶ 38-47).) The Amended Complaint specifies that Defendant's employee Susan Wallace stated in a December 10, 2015 email to Plaintiff that Suhyup had not indicated an interest in investing. (Am. Compl. ¶ 37.) This was allegedly fraudulent because Suhyup had shown interest in investing "as early as March of 2015" and, indeed, eventually invested. (Id. ¶¶ 38-40.) That is sufficient to satisfy the Rule 9(b) requirements (Nakahata, 723 F.3d at 197-98) and, thus, Plaintiff has remedied the Court-identified deficiencies as to the Suhyup investment. The Amended Complaint fails, however, to allege Defendant lied about the SNU investment with Rule 9(b) particularity as it only states that Confido's CEO "was told that SNU had expressed no interest in investing" without further detail. (Am. Compl. ¶ 47.)

Defendant argues that the Amended Complaint still fails to adequately establish a duty to speak since the statements about Suhyup were not "partial or ambiguous" such that their "full meaning will only be made clear after complete disclosure," but rather were simply "false when made." (Def.'s Opp. to Pl.'s Mot. at 11, ECF No. 28 (filed Oct. 24, 2018) (quoting Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 582 (2d Cir. 2005)).) The Court agrees. "Partial or ambiguous statements" create a duty to speak under the theory "that once a

10

party has undertaken to mention a relevant fact to the other party it cannot give only half of the truth." Brass v. American Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Junius Constr. Corp. v. Cohen, 247 N.Y. 393, 400 (N.Y. 1931) (Cardozo, J.)). Here, however, Plaintiff is not alleging that Defendant made a statement that gave "only half the truth." Instead, Plaintiff alleges that Defendant's "statement was false." (Am. Compl. ¶ 38.) While that may be sufficient to allege an element in another type of fraud, it is not sufficient to establish a duty to speak under a "partial or ambiguous statements" theory.

### b. Superior Knowledge

In the September 6 Order, the Court found that the original complaint failed to pled that Defendant had a duty to speak under a "superior knowledge" theory as it was "implausible" that knowledge of Suhyup and SNU's investments was not readily available to Plaintiff given that it had introduced these investors to Defendant. Confido, 2018 WL 4265900, at *9.

Plaintiff argues—without citation or specific details—that the "facts as re-pleaded make it obvious that Defendant had superior knowledge of these material facts and knew the representations to be false when Confido accepted them." (Mem. at 7.) The Court is unconvinced. The Amended Complaint still contains allegations that Plaintiff introduced SNU and Suhyup to

11

Defendant. (Am. Compl. ¶¶ 30, 35, 46.)  It also alleges that Plaintiff regularly contacted Suhyup and SNU about their investment interests during this period. (Id. ¶¶ 36, 39, 46.) Given these facts, the Court still finds it implausible that knowledge of Suhyup and SNU's investments and their desire to invest was not readily available to the Plaintiff.  Accordingly, the Amended Complaint fails to adequately pled the "duty to speak" element of a fraudulent concealment claim.

## CONCLUSION

For the above-stated reasons, Plaintiff's motion for leave to amend is DENIED as futile.  Plaintiff's breach of contract claim based on Defendant's failure to include Suhyup and SNU on the Tail Period Prospects List and its fraudulent concealment claim are, therefore, dismissed with prejudice.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 24.

**SO ORDERED.**
Dated:   New York, New York
         September 30, 2019

_____
John F. Keenan
United States District Judge